(No. 76-CV-1071—)

*In re* APPLICATION OF DANIEL D. WELTER, JR.

*Order filed April 24, 1980.*

STEPHEN G. VARGO, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on December 31, 1975. Daniel D. Welter, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 31, 1975, the Claimant and his friend were taken to a farm house located on or around

Route 30, near Plainfield, Illinois, by two unknown offenders for the purpose of continuing a card game which they had begun in Sully's Tavern, located on East Washington Street, Joliet, Illinois. An argument ensued as a result of the card game and the Claimant and his friend were shot and stabbed by the unknown offenders when they left the house. They were taken to St. Joseph's Hospital for treatment.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to his wrongful act or substantial provocation of his assailant. Gambling is a crime in the State of Illinois under the provisions of Ill. Rev. Stat., ch. 38, par. 28.1. This Court has consistently held since the Court's decision in the case of *In re Application of Hardy*, 31 Ill. Ct. Cl. 230, that where a victim was killed as a result of arguments during gambling, such a victim substantially contributed through his illegal acts to his own injury or death.

This Court in the *Hardy* case said:

"Although this Court can not ignore this brutal killing, neither can it ignore the evidence before it as to the circumstances leading to it. The Act under which this claim is made is intended to compensate for injuries or death to victims who were innocent of any contribution to their own injury or death. The victim in this case, placed himself in a situation, through his illegal activities, where further illegal activities would be the probable result. Surely, the victim did not expect to be murdered, but just as surely he did place himself in a situation where he can not be considered an innocent victim."

This reasoning is wholly applicable to the case before us.

3. That the evidence indicates that the Claimant was involved in a card game for money prior to his being shot, and that the shooting resulted from a dispute as to the winner of the card game. Playing cards for money is an illegal act in violation of the Illinois Criminal Code, (Ill. Rev. Stat. 1977, ch. 38, par. 28—1). Therefore, the

claimant's injury was substantially attributable to his wrongful act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.